UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRACY NEWTON,

        Petitioner,

vs.                                  Case No. 3:19-cv-590-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## **ORDER**

### I.  STATUS

This cause is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1), Respondents' Response to Petition (Response) (Doc. 7), and Petitioner's Reply (Reply) (Doc. 8).[1]  Petitioner challenges a state court (Duval County) conviction for three counts of armed sexual battery and one count of armed kidnapping.  He raises two grounds claiming ineffective assistance of trial counsel and one ground claiming ineffective assistance of appellate counsel.

_____

[1] Respondents filed Exhibits (Doc. 7).  The Court hereinafter refers to the exhibits as "Ex." The Court also references the docket and page numbers assigned by the electronic filing system.

## II.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing."   Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).   To be entitled to an evidentiary hearing, a petitioner must allege "facts that, if true, would entitle him to relief."   Martin v. United States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

Of note, "[w]here a petitioner fails to allege sufficient facts to satisfy the prejudice prong of the Strickland[2] standard, it is unnecessary to hold an evidentiary hearing to resolve disputed facts relating to the allegedly deficient performance of trial counsel."   Barksdale v. Dunn, No. 3:08-CV-327-WKW, 2018 WL 6731175, at *108 (M.D. Ala. Dec. 21, 2018) (not reported in F. Supp.)

---

2 Strickland v. Washington, 466 U.S. 668 (1984).

2

(citing <u>Bester v. Warden</u>, 836 F.3d 1331, 1339-40 (11th Cir. 2016)), <u>cert. denied</u>, 141 S. Ct. 2523 (2021).   Furthermore, if the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing.   <u>Martin</u>, 949 F.3d at 670 (quotation and citation omitted).

Here, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, this Court can "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).[3]   Upon review, Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief; therefore, the Court finds Petitioner is not entitled to an evidentiary hearing.   <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).

## III.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   <u>Lee v. GDCP Warden</u>, 987 F.3d 1007,

---

3 The state circuit court conducted an evidentiary hearing.   Petitioner and his trial counsel, Charles Fletcher, testified at the hearing.   Ex. F (Doc. 7-6 at 139-98).   The hearing concluded upon argument by counsel.   Ex. L (Doc. 12-1 at 2-41).   At the conclusion of the proceeding, the circuit court took the matter under advisement.   <u>Id</u>. at 38-39.

1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254), <u>petition for cert. filed</u>, (U.S. Sept. 22, 2021).   For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework.   <u>Sealey v. Warden, Ga. Diagnostic Prison</u>, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), <u>cert. denied</u>, 141 S. Ct. 2469 (2021); <u>Shoop v. Hill</u>, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"   <u>McKiver v. Sec'y, Fla. Dep't of Corr.</u>, 991 F.3d 1357, 1364 (11th Cir. 2021) (citing 28 U.S.C. § 2254(d)(1)-(2)), <u>cert. denied</u>, No. 21-5509, 2021 WL 5043677 (Nov. 1, 2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the

4

> United States on a question of law or reaches a
> different outcome than the Supreme Court in a case
> with "materially indistinguishable facts." <u>Williams
> v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146
> L.Ed.2d 389 (2000).   "Under the 'unreasonable
> application' clause, a federal habeas court may grant
> the writ if the state court identifies the correct
> governing legal principle" from Supreme Court
> precedents "but unreasonably applies that principle to
> the facts of the prisoner's case." <u>Id</u>. at 413, 120 S. Ct.
> 1495.

<u>Lee</u>, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   <u>McKiver</u>, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" <u>Shinn v. Kayer</u>, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." <u>Sealey</u>, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).   <u>See</u> <u>Hayes v. Sec'y, Fla. Dep't of Corr.</u>, 10 F.4th 1203, 1220 (11th

Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."   Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, No. 20-7589, 2021 WL 4507902 (U.S. Oct. 4, 2021).   As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.   Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then

presume that the unexplained decision adopted the same reasoning." <u>Wilson</u> <u>v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part <u>Strickland</u> standard." <u>Knight v. Fla. Dep't of Corr.</u>, 958 F.3d 1035, 1038 (11th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2471 (2021).   Pursuant to this standard, "a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. <u>Strickland</u>, <u>v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).   We need not address both prongs if a petitioner makes an insufficient showing on one prong. <u>Id</u>. at 697, 104 S. Ct. 2052." <u>Fifield v. Sec'y, Dep't of Corr.</u>, 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam), <u>petition for cert. filed</u>, (U.S. Oct. 14, 2021) (No. 21-5959).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" <u>Raheem v. GDCP Warden</u>, 995 F.3d 895, 908 (11th Cir. 2021) (quoting <u>Strickland</u>, 466 U.S. at 687), <u>petition for cert. filed</u>, (U.S. Nov. 23, 2021).   Additionally,

because "[t]he standards created by <u>Strickland</u> and §
2254(d) are both 'highly deferential,' . . . when the two
apply in tandem, review is 'doubly' so.   <u>Harrington</u> [v.
<u>Richter</u>, 562 U.S. 86, 105 (2011)] (internal citations
and quotation omitted).   Thus, under § 2254(d), "the
question is not whether counsel's actions were
reasonable.   The question is whether there is any
reasonable   argument   that   counsel   satisfied
<u>Strickland</u>'s deferential standard."   <u>Id</u>.

<u>Tuomi v. Sec'y, Fla. Dep't of Corr.</u>, 980 F.3d 787, 795 (11th Cir. 2020), <u>cert.</u>

<u>denied</u>, 141 S. Ct. 1721 (2021).

It is important to note that a claim of ineffective assistance of appellate

counsel is governed by this same standard <u>Strickland</u> standard.   <u>Tuomi</u>, 980

F.3d at 795 (citing <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009)).

As in a claim of ineffective assistance of trial counsel, failure to establish either

prong of the <u>Strickland</u> standard is fatal to a claim of ineffective assistance of

appellate counsel.   <u>Id</u>.

In applying the two-pronged standard established in <u>Strickland</u>, the

Court is mindful that appellate counsel may weed out weaker, although

meritorious arguments, as there is no duty under the Sixth Amendment to

raise every non-frivolous issue.   <u>Overstreet v. Warden</u>, 811 F.3d 1283, 1287

(11th Cir. 2016).   Regarding the prejudice prong, "[a]ppellate [c]ounsel's

performance will be deemed prejudicial if we find that the neglected claim

would have a reasonable probability of success on appeal." <u>Tuomi</u>, 980 F.3d at 795 (quoting <u>Philmore</u>, 575 F.3d at 1265) (internal quotation omitted).

## V.   GROUND ONE

In ground one, Petitioner raises a claim of ineffective assistance of trial counsel for failure to challenge the state's motion in limine.   Petition at 6. Upon review, he raised a comparable claim in his amended motion for post-conviction relief.   Ex. F (Doc. 7-6 at 7-12).   The circuit court conducted an evidentiary hearing.   <u>Id</u>. at 102-104, 139-98; Ex. L (Doc. 12-1 at 2-41).

Applying the <u>Strickland</u> standard, the circuit court denied this claim of ineffective assistance of trial counsel.   Ex. F (Doc. 7-6 at 108-14).   Petitioner appealed the denial of post-conviction relief and the 1st DCA affirmed per curiam.   Ex. J (Doc. 7-10 at 3).   The mandate issued on April 15, 2019.   <u>Id</u>. (Doc. 7-10 at 2).

In pertinent part, the record demonstrates the following.   Pre-trial, the state filed a Motion for Order in Limine.   Ex. A (Doc. 7-1 at 89-90).   It included: "[t]here shall be no testimony regarding the general moral character of the victim(s) <u>Chavers v. State</u>, 380 So. 2d 1180; <u>United States v. Greer</u>, 643 F.2d 280."   Ex. A (Doc. 7-1 at 89).

Prior to voir dire, the trial court addressed the motion in limine.   The following transpired:

9

> MR. MARTIN [the prosecutor]:  Judge, I filed my boilerplate motion for order. . .
>
> THE COURT:  Did you get a copy of this?
>
> MR. FLETCHER [defense counsel]:  Yes, Your Honor.
>
> THE COURT:  It's all the standards.
>
> MR. FLETCHER:  Yes, Your Honor.  I have no objection to it.
>
> THE COURT:  Okay.  I'll grant the state's motion in limine citing Coleman, Haliburton, Overton, Chavers, Alford and Mixon vs. Singletary.

Ex. B (Doc. 7-2 at 9-10).

In his Rule 3.850 motion, Petitioner alleged he was denied his right to fully present a defense due to counsel's failure to challenge the state's motion in limine and to offer testimony regarding the victim's reputation for prostitution.  Ex. F (Doc. 7-6 at 10).  The circuit court succinctly summarized Petitioner's contention:

> Defendant alleges the victim is a prostitute and has a reputation for exchanging services for drugs. Defendant maintains that, had counsel objected and presented evidence that the victim previously exchanged sex for drugs; the outcome of his trial would have been different.  Specifically, Defendant avers the jury would have acquitted him of the charges, if he could have presented evidence that the victim was arrested for prostitution approximately three days after the offense.

<u>Id</u>. (Doc. 7-6 at 109-10).

The circuit court in denying the claim, reviewed the relevant Florida case law. <u>Id</u>. (Doc. 7-6 at 110-11). Ultimately, after hearing testimony, the court found counsel was in the best position to determine whether the misdemeanor charge of prostitution demonstrated a pattern or conduct similar to Petitioner's account. <u>Id</u>. (Doc. 7-6 at 111). The court noted that defense counsel did present a consent defense and knew about the misdemeanor prostitution charge and considered it. <u>Id</u>. As such, the court found defense counsel's performance was not deficient because he considered the evidence and concluded it would not be admissible "because the pattern or conduct was not similar to Defendants and the charge [the misdemeanor prostitution charge] occurred after the offense." <u>Id</u>. Finally and alternatively, the circuit court, assuming *arguendo* counsel erred in failing to proffer the misdemeanor prostitution charge, still found no prejudice because defense counsel was able to present evidence that the victim and Petitioner engaged in consensual sex. <u>Id</u>.

Indeed, the trial record shows the jury heard evidence and argument that the victim was a prostitute and exchanged sex for drugs with Petitioner. In the defense's opening statement, Mr. Fletcher told the jury that Petitioner was a two-time convicted felon but that the victim was a seven-time convicted

felon.   Ex. B (Doc. 7-2 at 147-48).   Counsel described the victim as walking those streets, wearing short jean shorts, a t-shirt, a thong, and pumps.   Id. at 148.   Mr. Fletcher said Petitioner, "will take that stand and he will tell you he did not rape this girl; he had sex with a prostitute."   Id. at 149.

Petitioner took the stand and admitted he was a two-time convicted felon.   Id. at 289.   He attested he was "looking for a nightly companion" and the victim was walking the street "dressed real trampy[.]" Id. at 290. Petitioner said he offered the victim $20 or two dime rocks of crack cocaine in exchange for sex, and she chose the crack.   Id. at 292.

On cross examination, the prosecutor asked if Petitioner's testimony was that the victim was a "crack whore," and Petitioner responded affirmatively. Id. at 298.   He said he negotiated an exchange of sex for drugs.   Id. at 300.

In closing argument, Mr. Fletcher pointed out there were no injuries to the victim's skin, although she claimed she was struck three times in the head with a firearm.   Id. at 330.   Mr. Fletcher reminded the jury that Petitioner testified he had sex with a prostitute.   Id. at 333.   The state, in closing, argued the victim was not a "crack whore" and immediately after the incident she did not appear to be a "drugged-out crack whore."   Id. at 341, 343.

To the extent the argument was made that counsel should have at least proffered the evidence of the prostitution charge, the court still found it likely

that the prostitution charge would be ruled inadmissible based on the level of violence involved, the nature of the attack, and the rape of the victim.   Ex. F (Doc. 7-6 at 113-14).

The circuit court denied relief holding:

> Therefore, based upon the record in this case, counsel's reasonable belief the misdemeanor conviction of prostitution was inadmissible, this Court finds counsel was not deficient in his performance. Furthermore, Defendant has failed to meet his burden in establishing the outcome of the proceedings would have been different because the jury found Defendant guilty, after hearing the consent defense and given the violent facts in this case, the trial court would rule the victim's sexual history inadmissible.   Therefore this Court finds Defendant's claim is without merit and is therefore denied.

Id. at 114.

In short, the circuit court concluded it would be a meritless argument to make; therefore, counsel could not be deemed to have performed deficiently in failing to make the objection and argument.   Additionally, the court found Petitioner failed to satisfy the prejudice prong of Strickland based on the fact that Petitioner failed to demonstrate the outcome of his trial likely would have been different "because the jury found Defendant guilty, after hearing the consent defense and given the violent facts in this case, the trial court would rule the victim's sexual history inadmissible."   Id. at 114.   Without satisfying

13

the performance and prejudice prongs as set forth in <u>Strickland</u>, Petitioner cannot prevail on his claim of ineffective assistance of counsel.

In denying post-conviction relief, the circuit court properly applied the two-pronged <u>Strickland</u> standard of review. Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected these claims based on <u>Strickland</u>. Further, Petitioner has not shown the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts. Indeed, upon review, the state court was objectively reasonable in its <u>Strickland</u> inquiry. Furthermore, the 1st DCA affirmed.

The 1st DCA's decision, although unexplained, is entitled to AEDPA deference. Ex. J (Doc. 7-10 at 3). Applying the look through presumption described in <u>Wilson</u>, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.

As the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his counsel ineffective. Thus, Petitioner has failed to demonstrate a Sixth Amendment violation under the United States Constitution. In sum, the Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an

14

unreasonable determination of the facts.   As such, Petitioner is not entitled to habeas relief on ground one.

## VI.   GROUND TWO

In ground two of the Petition, Petitioner contends his counsel was ineffective for misadvising Petitioner not to testify that the victim and Petitioner were engaged in a relationship and the victim had a motive to fabricate the charges against Petitioner.   Petition at 10.   At the evidentiary hearing, Mr. Fletcher took the stand and said he was told this was a stranger-to-stranger interaction.   Ex. F (Doc. 7-6 at 178).   He attested no one told him that Petitioner and the victim had a romantic relationship for two years.   Id. In particular, Mr. Fletcher testified that Petitioner never told him about a prior relationship with the victim, and if he had told him about a relationship, counsel would have used it in some way.   Id. at 178-79.

Although Petitioner, at the evidentiary hearing, testified about a romantic relationship between himself and the victim and that he informed his counsel about this previous relationship, the circuit court found defense counsel's testimony credible.   Id. at 115.   This Court has "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."   Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011) (per curiam) (internal quotation marks omitted)

15

(quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)), cert. denied, 568 U.S. 849 (2012).   Since the state court observed Mr. Fletcher's testimony and found it more credible, this Court will not make any redetermination of credibility.

In denying this ground, the circuit court found counsel was not deficient in his performance as counsel based his trial strategy on the information Petitioner provided to him prior to trial.   Ex. F (Doc. 7-6 at 115).   The 1st DCA affirmed.   Ex. J (Doc. 7-10 at 3).

Upon review, the state court made its findings, applied the Strickland standard of review, and denied relief.   The court appropriately applied the Strickland standard.   It did not unreasonably determine the facts.   The court found trial counsel performed within the bounds of reasonable competent counsel.   The state court's ruling was not contrary to and did not involve an unreasonable application of clearly established federal law.

Petitioner has failed to satisfy the two-pronged Strickland standard of review and is not entitled to relief on this claim.   The 1st DCA's decision, although unexplained, is entitled to AEDPA deference.   Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In brief, the state court's adjudication of the claim is not contrary to or an

unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.   Therefore, ground two is due to be denied.

## VII.   GROUND THREE

In his third and final ground, Petitioner raises a claim of ineffective assistance of appellate counsel.[4]   Petition at 14.   Petitioner complains his appellate counsel was ineffective for failure to raise a challenge to the state's improper closing argument on direct appeal.   <u>Id</u>.   Upon review, this claim of ineffective assistance of appellate counsel is unexhausted and procedurally defaulted.   Petitioner did not file a state petition for writ of habeas corpus in the state courts raising this contention.   <u>See</u> Response at 28-29, relying on <u>Schoenwetter v. State</u>, 46 So. 3d 535, 563 (Fla. 2010) (per curiam) (noting claims of ineffective assistance of appellate counsel are appropriately raised in a petition for writ of habeas corpus).

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and

---

4 To the extent this claim could or should be liberally construed as a claim of ineffective assistance of trial counsel, the Court's reasoning under this ground still applies.   The claim, if construed to be a claim of ineffective assistance of trial counsel, is unexhausted and procedurally defaulted as it was not raised in Petitioner's Rule 3.850 motion.   <u>See</u> Response at 28 n.3.

respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[5] <u>supra</u>, at 747-748, 111 S. Ct. 2546; <u>Sykes</u>,[6] <u>supra</u>, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S. Ct. 2546.

<u>Martinez v. Ryan</u>, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies.  <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion

---

5  <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

6  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

would be futile.'"   Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750).   To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.   Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must demonstrate prejudice.   To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."   Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d

1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert. denied</u>, 569 U.S. 1004 (2013).

This claim of ineffective assistance of appellate counsel could or should have been raised in a state petition for writ of habeas corpus directly in the district court of appeal pursuant to Rule 9.141(d), Fla. R. App. P (Petitions Alleging Ineffective Assistance of Appellate Counsel).   "[A] state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir.) (citations omitted), <u>cert. denied</u>, 513 U.S. 1061 (1994).   Any further attempts to seek relief in the state courts on this ground will be unavailing.   Rule 9.141(d)(5) (Time Limits).   As such, Petitioner has procedurally defaulted the claim.

Since Petitioner is procedurally barred from raising this ground, at this stage, he must demonstrate cause and prejudice.   Upon due consideration, he has failed to show cause and prejudice.   Additionally, he has failed to show that failure to address this claim of ineffective assistance of appellate counsel on the merits would result in a fundamental miscarriage of justice.   As such,

the Court finds this is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.

The Court finds ground three is procedurally defaulted and the fundamental miscarriage of justice exception is inapplicable.   Based on the above, Petitioner is barred from pursuing ground three in federal court.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.      This action is **DISMISSED WITH PREJUDICE**.

3.      The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[7]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of December, 2021.


_____
BRIAN J. DAVIS
United States District Judge




sa 12/3
c:
Tracy Newton
Counsel of Record